(C.D. 4201)

PATHEX, INC., c/o PATHEX (CANADA) LTD. v. UNITED STATES

United States Customs Court, Third Division

(Decided April 15, 1971)

*Allerton deC. Tompkins* for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: The merchandise of this protest consists of a steel cable and belt assembly which was exported from Belgium and entered at Cleveland, Ohio. The merchandise was entered in the name

and for the account of "Pathex, Inc., c/o Pathex (Canada) Ltd., Don Mills, Ontario, Canada" by The A. W. Fenton Co., Inc., customs broker, as agent for the consignee. It is claimed in the protest that:

> Consignment incorrectly liquidated without benefit of advising date of appraisement. We were compelled to enter at a price not according to our belief. Copy of rejection slip, letter from Pathex and letter of dissatisfaction attached.

And the protest, dated November 27, 1967, is signed:

> PATHEX, INC., c/o PATHEX (CANADA) LTD.
> By:   [signature not legible]
> Don Mills, Ont., Canada

Although the signature on the protest cannot be made out, it appears to the court that the signatory on the entry for the customs broker and on the protest for the protestant is one and the same person. And subsequently the protest was amended to claim:

> It is further claimed that your liquidation of October 25, 1967, is premature, illegal, null and void.

Thus, the ultimate issue presented by the protest as amended is the legality of the appraisement in view of failure on the part of the district director to give notice of appraisement.

At the trial the official papers were received in evidence. The district director's report on the protest, if any, is not among these papers. But the attachments referred to in the protest except the rejection slip, were put in evidence as plaintiff's collective exhibit 1 as follows (R. 2–3):

> MR. TOMPKINS:   It is our contention that the importer has filed with the District Director at Cleveland, on June 27, 1967, a request to be notified when appraisement is made; and that, thereafter, the Collector did not notify the importer when appraisement was made, with the result that the entry was liquidated without notice to the importer of the appraisement.
> 
> The document which is in duplicate, or which incorporates another letter, I should say, is now offered into evidence. It is a photostatic copy of a letter from the A. W. Fenton Company to the District Director dated June 27, 1967; to which is attached a letter from the Pathex (Canada) Limited to the A. W. Fenton Company, dated June 20, 1967. I ask that this be marked as a Collective exhibit.
> 
> JUDGE ROSENSTEIN: Any objection?
> MR. GROSSMAN: Government has no objection.
> JUDGE ROSENSTEIN: It will be so marked.

Counsel then stipulated that no notice was issued by the district director to the importer, advising that there had been an official appraisement of the entry. Plaintiff then rested its case. No evidence was adduced by the defendant.

The letter of June 27th from the customs broker to the district director (collective exhibit 1) reads:

Attention: Mr. Benedict

Sir:

With reference to Cleveland CE 10339 of June 13, 1967, a shipment of a steel belt assembly machine for the account of Pathex (Canada) Ltd., ex the Steamer Bernard Leonhardt from Germany.

At the time of Entry, we paid an increase of 7% which we are in disagreement with and kindly note copy of the attached letter from Pathex (Canada) Limited explaining their viewpoint.

Respectfully,

THE A. W. FENTON Co., INC.

BY: Frank J. Phillips
Vice President-Import

And the attached letter of June 20th from Pathex (Canada) Limited to the customs broker (collective exhibit 1) reads:

Attention: Mr. Frank Phillips

Dear Sir,

Thank you for your letter dated June 10, 1967.

In this regard, we regret that we are not in agreement with the increase of 7%, amounting to DM 67.574,22.

This equipment was sold to Pathex for the total sum of DM 983.796,—, including packaging and inland freight. Shipment was made by Siempelkamp directly to Cleveland, Ohio.

The 7% commission is applicable only if Siempelkamp conducts business directly with the customer. As outlined on page 3, Paragraph 6, of the Agency Agreement:

"Pathex is authorized to act as his own dealer in the area of representation toward customers situated there, i.e., to sell under his own name and his own invoice, machines and plants and other service bought from Siempelkamp."

In the present case, we are the importers of the equipment, value of which was stated on the United States customs forms and also on Commercial Invoice No. P/1299, amounting to DM 983,796.—.

We, in turn, invoice the customer not only for the equipment purchased from Germany, but for materials and services purchased such as maintenance, warranty, a portion of erection expenses and a certain amount of equipment purchased in the United States. There is, of course, a margin included for the services of Pathex (Canada) Limited to cover the expenses and costs for services incurred in the United States.

For any further information that may be required, please do not hesitate to contact us.

Yours very truly,
PATHEX (CANADA) LIMITED
W. H. Timms.

Plaintiff's case is predicated entirely upon the strength of concessions which defendant's counsel was willing to make at the trial, since plaintiff called no witnesses to the stand. We regret that in the presentation of its case herein plaintiff did not undertake to call any witnesses to explain the connection of plaintiff Pathex, Inc. with the entry transaction—the particular phase of the case to which we must give threshold consideration. As the record now stands it appears to the court that the plaintiff is not the real party in interest herein, and, therefore, has no standing to file a protest against the subject entry, and also that the protest filed herein by plaintiff is frivolous.

It is true, of course, that the name, Pathex, Inc. is listed in the entry paper as the consignee and in the protest as protestant. However, in both instances Pathex, Inc., a supposedly domestic corporation, shows a foreign address in the care of a foreign corporation bearing the same name. And we are supported in this belief by the disclosures appearing in collective exhibit 1 in which (1) the customs broker, The A. W. Fenton Co., Inc., who made the entry on behalf of Pathex, Inc., subsequently acknowledges that the merchandise was entered on behalf of the foreign corporation, Pathex (Canada) Limited (letter of June 27th), and in which (2) the foreign corporation, Pathex (Canada) Limited, itself also subsequently acknowledges that it is the importer of the merchandise covered by the entry at bar (letter of June 20th).

Thus, it clearly appears from the aforesaid disclosures made subsequent to the time of entry that the name Pathex, Inc. has no genuine connection with the merchandise at bar or with payment of duties, charges or exactions associated with the entry of said merchandise. A foreign corporation cannot evade the regulatory requirement of maintaining a resident agent upon whom service of process can be made in the United States and of posting a bond to secure payment of increased and additional duties. See section 8.6(1), Customs Regulations.

Furthermore, the absence from the instant record of any report of the district director on the protest does not reassure the court that said official was satisfied with plaintiff's connection with the case, or even that he acted upon plaintiff's protest and transmitted it to the court with the entry papers. Also, it has to qualify as being the height of "frivolity" for a protestant such as Pathex, Inc., the plaintiff herein, to file a protest on a ground the successful prosecution of which is

predicated upon the establishment of facts which operate to defeat such a plaintiff-protestant's right to file the protest in the first place. Such is the posture of the instant protest. And, accordingly, we find and adjudge the instant protest to be a "frivolous" protest within the meaning of 28 U.S.C.A., section 2641. See *Manufacturers of Goat Leathers, etc.* v. *United States*, 21 CCPA 591, 596–597, T.D. 46996 (1934). The record does not make clear whether the illegible signatory filed the protest on behalf of The A. W. Fenton Co., Inc. or on behalf of plaintiff Pathex, Inc., or at the instance of both. There should be a fine imposed in such a frivolous protest, but since the record does not make clear against whom it should be levied and the matter does not warrant setting aside the submission and restoring the case for further hearing to ascertain this fact, no fine is imposed and the protest herein is dismissed with prejudice on the ground that plaintiff is not the real party in interest and the protest is "frivolous."

Judgment will be entered accordingly.